## 9345. KITCHENS *v.* LATIMER.

The evidence did not authorize the verdict in favor of the affidavit of illegality, based upon the ground that the mortgage in question was given in settlement of a criminal prosecution.

           DECIDED MARCH 13, 1918.

Mortgage foreclosure; from city court of Swainsboro—Judge Kirkland. September 24, 1917.

*T. N. Brown, Alfred Herrington Jr.,* for plaintiff.

*Williams & Bradley,* for defendant.

BROYLES, P. J. This case was a foreclosure of a mortgage on personalty, to which the mortgagor filed an affidavit of illegality setting up that the mortgage was void because its consideration was the suppression of a criminal prosecution against the daughter and the son-in-law of the mortgagor. The jury found in favor of the affidavit of illegality, and the trial judge overruled the plaintiff's motion for a new trial. The only witness introduced by the defendant to sustain the allegations in his affidavit of illegality was the justice of the peace in whose court the mortgage in question was foreclosed, and who testified that when the case was called a plea of illegality was filed, in which it was alleged that the mortgage was given to stop a criminal proceeding against John and Sylvester McLeod (the son-in-law and the daughter of the mortgagor respectively) for larceny; and that the case was then withdrawn by plaintiff's counsel. This witness testified also that the plaintiff's husband swore out a warrant before him against John and Sylvester McLeod, and that he did not know what had become of the warrant. This evidence was of course entirely in-

sufficient to sustain the affidavit of illegality. The defendant in error relies, however, on certain admissions made by the husband of the plaintiff in his testimony in behalf of the latter. The entire testimony of this witness follows: "I am the husband of Mrs. J. M. Kitchens, am her agent, and attend to her business. I swore out a warrant against John and Sylvester McLeod on the day the mortgage was given. I took it out before Judge A. J. Gillis and gave it to Joel Todd, the constable, to serve. The negroes were arrested by Todd and brought to Norristown. I got word somehow to come to Norristown, and when I reached there, the constable, the two negroes, and the defendant, Albert Latimer, who was the father of Sylvester McLeod, were there. After we talked awhile Latimer offered to give the mortgage, and he and I went down to the bank and got Mr. McCrary to write out the mortgage. Latimer signed it. I left the mortgage with Mr. McCrary, to have it recorded. I then paid the constable the costs on the criminal warrant under which the defendants, John and Sylvester McLeod, were arrested, and went home. The negroes then left, but I don't know where they went. I do know that Mr. Todd did not take them to Swainsboro to jail. This mortgage is the same as the subject-matter of this case. The mortgage was given to satisfy the debt of John and Sylvester McLeod, due my wife for a run-bill as her croppers during the year 1914, and not to settle or stop any criminal prosecution. I did not threaten any one with criminal prosecution or promise to stop any criminal prosecution to induce the signing of this mortgage; and this mortgage was not executed as the result of such threats or promises. Albert Latimer did not owe me anything before this mortgage was given. I did not take this mortgage to stop any prosecution for larceny, and did not agree to stop any such prosecution. I had a bill of indictment found at the July term, 1915, of the superior court of Emanuel county against John and Sylvester McLeod for larceny from the house for stealing loose peas from my crib. I did it because I was on the grand jury at this term and was under oath to present it."

While some portions of this testimony might raise a strong suspicion, and even a fair inference, that the consideration of the mortgage was the suppression of a criminal prosecution, yet this inference was directly and positively denied by other testimony of

the same witness, and the last-mentioned part of his testimony was not disputed or contradicted by any other evidence, and was not absolutely irreconcilable with that portion of his testimony which authorized the inference mentioned. The burden of proof was upon the defendant to sustain the material allegations of his affidavit of illegality, and it is clear that he failed to do so. The verdict in his favor was therefore contrary to the evidence, and the court erred in refusing the grant of a new trial.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*